IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Herman Eugene Garner, | Case No. 4:07 CV 3670 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Warden, FCI Elkton, | |
| Respondent. | |

On November 28, 2007, *pro se* Petitioner Herman Garner filed this habeas corpus Petition against the Warden at the Federal Correctional Institution in Elkton, Ohio ("F.C.I. Elkton") pursuant to 28 U.S.C. § 2241. Garner seeks an order reinstating his eligibility for placement in a Community Correction Center (C.C.C.)

## BACKGROUND

Garner was one of five defendants named in a seven count indictment filed July 5, 2001 in the Northern District of Ohio. *United States v. Forest*, Case No. 4:01 CR 321. After he pled not guilty to the charges, a trial commenced on October 29, 2001 before Judge David D. Dowd, Jr. The jury returned a verdict of guilty as charged in Counts 2 and 5 of Indictment. Garner was sentenced on December 20, 2001 to 120 months in prison, followed by 8 years of supervised release. Judge Dowd later reopened the sentencing hearing and on January 2, 2002, Garner was again sentenced to a term of 120 months in prison, followed by 8 years supervised release. Garner appealed his sentence to the

Sixth Circuit Court of Appeals which affirmed his conviction on charges of conspiracy to distribute cocaine. *See United States v. Forest*, 355 F.3d 942 (6th Cir. 2004), *reh'g denied* (Mar. 25, 2004).

Garner filed a petition for a writ of certiorari on May 4, 2004 with the United States Supreme Court, appealing both his conviction and his sentence. *United States v. Forest*, 73 U.S.L.W. 3437 (U.S. July 1, 2004) (Case No. 04-5052). While the petition was pending, the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005) and subsequently granted Garner's petition for writ of certiorari. The Supreme Court then vacated the judgment and remanded the case to the Sixth Circuit "for further consideration in light of" *Booker*. *See Garner v. United States*, 73 U.S.L.W. 3437 (U.S. Jan. 24, 2005), *vacating and remanding* 355 F.3d 942 (6th Cir. 2004). On February 17, 2005, the Sixth Circuit remanded the case to the district court "for re-sentencing pursuant to the opinion of the Supreme Court" in *Booker*.

On August 31, 2005, Judge Dowd ruled that he would sentence Garner within the Advisory Guideline range of 87-108 months, relying on "the principles of sentencing lenity" that he believed should apply. He then sentenced Garner to 96 months of imprisonment. *United States v. Garner*, Case No. 4:01 CR 321, 2005 WL 2133606 (N.D. Ohio Sep. 01, 2005). Garner again appealed his conviction and sentence, alleging a Fourth Amendment violation and six claims of ineffective assistance of counsel. The Government also appealed the sentence imposed by Judge Dowd. After the parties filed their initial briefs, the Sixth Circuit assigned counsel for Petitioner to specifically address the propriety of his conviction and sentence.

On November 7, 2007, the Sixth Circuit issued a mandate, holding:

(1) constitutional issues going to validity of conviction were not properly before court;

2

(2) answer on special verdict form constituted jury determination of drug quantity attributable to defendant; and

(3) drug quantity and statutory sentencing enhancement based on prior felony drug conviction required mandatory minimum sentence of at least 120 months of imprisonment.

*United States v. Garner*, 491 F.3d 532 (6th Cir. 2007), *reh'g denied* (Oct. 10, 2007).[1] The appeals court vacated the district court's judgment and remanded with instructions to sentence Garner to a term of imprisonment of at least 120 months.

Pursuant to the remand order, a hearing was held before Judge Dowd on December 27, 2007. Garner was resentenced to a prison term of 120 months, followed by 8 years of supervised release. He again appealed the judgment. He also filed a motion for correction of sentence pursuant to Rule 35(a), which Judge Dowd denied on January 18, 2008.

Garner filed this Petition at a time when he was awaiting re-sentencing under the Sixth Circuit's remand. In anticipation of the resentencing hearing, the Government requested that Garner's scheduled November 26, 2007 placement in a C.C.C. be cancelled. It is this action which Garner protests, and requests an order "requireing [sic] the BOP to enable the Petitioner to serve the last six months of his 96 month prison term in C.C.C. Placement" (Pet. at p. 2).

The record clearly shows Garner's 96 month sentence was vacated, and he is now serving 120 months. Further, his appeal of the 120 month sentence was denied by the Sixth Circuit, and the Supreme Court denied his petition for certiorari. *United States v. Garner*, 491 F.3d 532 (6th Cir. 2007), *rehearing and rehearing en banc denied* (Oct. 10, 2007), *cert. denied, Garner v. United States*, --- S.Ct. ----, 2008 WL 114279 (U.S. Jan 14, 2008) (No. 07-8144). Therefore, as Garner is no longer

---

[1] Garner challenged the Sixth Circuit's decision and filed a petition for writ of certiorari, which the Supreme Court denied. *Garner v. United States*, --- S.Ct. ----, 2008 WL 114279 (U.S. Jan. 14, 2008) (No. 07-8144).

serving a sentence of 96 months, his request for C.C.C. placement based on that now-vacated prison term is moot. *See Spencer v. Kemna*, 523 U.S. 1, 8 (1998) ("Parties must continue to have a 'personal stake in the outcome' of the lawsuit").

## CONCLUSION

Based on the foregoing, the Petition is dismissed as moot. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

February 13, 2008